No. 440
THE OHIO PUBLIC SERVICE CO. v. STATE
OF OHIO, ex rel. JOSEPH O. FRITZ
Supreme Court of the United States
Decided April 11, 1927
Error to Supreme Court of Ohio.

973. PUBLIC UTILITIES—State statute cannot deprive a light, heat and power company of the right to assign its franchise, where consent of village wherein plant is operated is not given, for no state shall pass any law impairing the obligation of contracts.

533. FRANCHISES—Held, that franchise originally granted by village was for unlimited time and not subject to termination at will of grantor.

McREYNOLDS, J.

These two writs of error were sued out at different stages of the same cause; the first while a timely application for rehearing was pending; the second after this had been denied. Under the circumstances plaintiff in error may rely upon the latter writ and No. 210 will be dismissed.

By an action in quo warranto the State of Ohio, upon relation of the Prosecuting Attorney for Wayne County, seeks to oust plaintiff in error, a corporation under her laws, from use of the streets in the Village of Orrville. The corporation has general power to transmit and distribute electric energy and current, and claims the privilege to operate there as assignee of rights granted to Gans and Wilson and their successors by an ordinance of the Village Council passed February 1, 1892.

The Supreme Court treated the judgment of the Court of Appeals as establishing that the Orrville Light, Heat and Power Company, immediate successor to Gans and Wilson, acquired in 1893 the right to occupy the streets which the ordinance of 1892 gave them. But it held the franchise so acquired was revocable ten years after the original grant and had been terminated by appropriate village action. Also, that under the Act of the Legislature passed April 21, 1896, 92 Ohio Laws 204, this franchise could not lawfully be assigned to plaintiff in error's predecessor during 1907 without the consent of the village, which was not given. It accordingly affirmed the judgment of ouster pronounced by the Court of Appeals. 113 OS. 324.

The ordinance of February 1, 1892, ordained—"Sec. 1. That Aurel P. Gans and Mellville D. Wilson of Canal Dover, Ohio, their associates, successors and assigns are hereby authorized and empowered to use the streets, lanes, alleys, and avenues of the village of Orrville for the purpose of erecting, maintaining and operating electric light wire mains and appartus complete for the distribution of electricity for light, heat and power."

Subsequent sections inhibited unnecessary obstruction of the streets, directed how the wires should be strung, etc.; also that the grantee should furnish and the village should use and pay for a designated number of lights during a period of ten years at a specified rate, etc., etc.

The Ohio statute of 1896 applies to electric light and power companies and provides, that "in order to subject the same to municipal control alone, no person or company shall place, string, construct or maintain any line, wire fixture or appliance of any kind for conducting electricity for lighting, heating or power purposes through any street, alley, land, square, place or land of any city, village or town, without the consent of such municipality - - -"

We think it quite clear that the conclusions of the court below conflict with rulings heretofore announced by this court.

In Northern Ohio Traction Co. v. Ohio, 245 U. S. 574, we pointed out the state of the law in Ohio during 1892. It is plain enough from what was there said that in our view the franchise originally granted by the Village of Orrville was for an unlimited time and not subject to termination at the mere will of the grantor.

224 U.S. 649, 661, and Owensboro v. Cumberland Telephone Co., 230 U.S. 58, 75, are enough to show that the rights acquired under the ordinance of 1892 were assignable without further consent by the village. If to enforce the Ohio statute of 1896 would destroy this right, it conflicts with the provision of the federal Constitution—No State shall pass any law impairing the obligation of contracts.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Holmes and Mr. Justice Brandeis dissent.

# COMMON PLEAS COURT

No. 441
SITES et al. v. KOHN
Common Pleas Court, Cuyahoga Co.
No. 266092. Mar. 28, 1927

516. FEES & COSTS—Defendants' counsel not entitled to fee in amicable partition suit unless he renders some service "for the common benefit of all the parties."

KRAMER, J.

This action was one in amicable partition instituted in the Cuyahoga Common Pleas and a question arising as to fees of counsel, the Court held:

1. It seems to have been the practice in cases of amicable partition where the defendants have been represented by counsel who has properly participated in the case, for counsel to divide the fee upon some equitable basis.

2. To permit a fee to defendant's counsel it must appear, by virtue of 12050 GC. that he rendered some service "for the common benefit of all the parties."

3. An amicable partition is one that is uncontested and is therefore a formal matter regarding only the services of the counsel who has initiated the action, who is held to be acting for the benefit of all the parties.

4. If counsel for plaintiff, in his conduct of the case omits to do things necessary to be done and counsel for defendants rectifys his error, then defendant's counsel is held to have done some service for the benefit of all the parties; and there seems to be no other circumstances under which the defendant's counsel may be allowed a fee. 2 O.N.P. (n.s.); 55 OS. 625; 190 C. C. 654.

Attorneys—Schaeffer & Lawrence for Sites et; R. D. Metzner for Kohn, et; all of Cleveland.